UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMETA E. TAULUA, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN PONCE,<br><br>    Respondent. | ) Case No. CV 17-2534 BRO(JC)<br>)<br>)<br>)<br>) ORDER (1) CONSTRUING<br>) PETITION AS 28 U.S.C.<br>) § 2255 MOTION; AND<br>) (2) DISMISSING ACTION<br>) WITHOUT PREJUDICE<br>) |

**I.  SUMMARY**

On April 3, 2017, petitioner Simeta E. Taulua, Jr., a federal inmate proceeding *pro se*, who is in the custody in the Central District of California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("Petition").  Petitioner challenges a sentence imposed in the United States District Court for the District of Hawaii ("Hawaii District Court").  (Petition at 2).

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this Court construes the Petition to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismisses the Petition and this action without prejudice because the Court lacks jurisdiction.

## II.  BACKGROUND[1]

On April 6, 2011, a Superseding Indictment was filed in the Hawaii Criminal Case, charging petitioner with conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine (count 1) and possession with intent to distribute fifty grams or more of methamphetamine (count 2).  On June 15, 2011, a Memorandum of Plea Agreement ("Plea Agreement") signed by petitioner, his counsel, and government counsel, was filed in the Hawaii Criminal Case.  Petitioner agreed to plead guilty to count 1, and the government agreed to dismiss count 2.  Notwithstanding the foregoing, the Plea Agreement reflects petitioner's agreement and understanding that (1) the conduct forming the basis for count 2 would also be used in calculating petitioner's base offense level under the United States Sentencing Guidelines; and (2) the prosecution would apprise the Court and the United States Probation Office of the nature, scope and extent of petitioner's conduct regarding the charges against him, any related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.  On June 15, 2011, petitioner pleaded guilty to count 1 in accordance with the Plea Agreement.

On May 17, 2012, the Hawaii District Court sentenced petitioner to 235 months imprisonment after determining that his total offense level was 35 (base offense level of 38, plus four for his role in the offense, minus three for his acceptance of responsibility, and minus four for cooperation), he was in criminal

---

[1] Unless otherwise indicated, the facts in this section are derived from court records in Hawaii District Court Case Nos. 1:10-cr-00923-LEK-1 ("Hawaii Criminal Case") and 1:15-cv-00343-LEK-KSC ("Hawaii 2255 Case") and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") in Case Nos. 16-10248 ("First Ninth Circuit Action"), 16-10299 ("Second Ninth Circuit Action"), 16-15390 ("Third Ninth Circuit Action"), 16-73432 ("Fourth Ninth Circuit Action"), 17-15270 ("Fifth Ninth Circuit Action"), and 17-70636 ("Sixth Ninth Circuit Action"), of which this Court takes judicial notice.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

history category IV, and his guideline range was 235 to 293 months imprisonment. Judgment was entered accordingly on May 22, 2012 ("Criminal Judgment"). In 2016, petitioner appealed the Criminal Judgment – specifically his sentence – in the First Ninth Circuit Action (No. 16-10248) and the Second Ninth Circuit Action (No. 16-10299). The Ninth Circuit granted petitioner's motion to dismiss the First Ninth Circuit Action and dismissed it on June 23, 2016.[2] The Ninth Circuit dismissed the Second Ninth Circuit Action as untimely on October 19, 2016.[3]

On April 14, 2015, following Amendment 782 to the United States Sentencing Guidelines, the Hawaii District Court issued an Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing petitioner's sentence to 191 months. Such order was entered on April 15, 2015. Petitioner thereafter appealed such order to the Ninth Circuit in the Third Ninth Circuit Action (No. 16-15390). The Ninth Circuit granted petitioner's motion to dismiss the Third Ninth Circuit Action and dismissed it on August 11, 2016.[4]

On August 24, 2015, petitioner submitted a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Hawaii 2255 Motion"), challenging the Criminal Judgment, which was filed in both the Hawaii Criminal Case and the Hawaii 2255 Case. Petitioner claimed that his counsel was ineffective at sentencing, that the trial court incorrectly determined his

---

[2]On November 7, 2016, petitioner filed a motion to reconsider such dismissal. The Ninth Circuit has not ruled on such motion.

[3]On November 7, 2016, petitioner filed a motion to reconsider such dismissal. The Ninth Circuit denied such motion on January 31, 2017, indicating that no further filings would be entertained in the closed Second Ninth Circuit Action.

[4]Petitioner twice moved to reinstate his appeal in the Third Ninth Circuit Action on August 23, 2016 and September 23, 2016. The Ninth Circuit denied the first such motion on September 13, 2016, indicating that no further filings would be entertained in the closed Third Ninth Circuit Action. The Ninth Circuit has not ruled on the subsequently filed second such motion.

3

criminal history category, and that his offense level was improperly enhanced based upon his role in the offense. On January 26, 2016, in an order filed in both the Hawaii Criminal Case and the Hawaii 2255 Case, the Hawaii District Court denied the Hawaii 2255 Motion as untimely ("Hawaii 2255 Order").

On March 7, 2016, petitioner filed a Motion for Reconsideration in the Hawaii Criminal Case ("First Motion for Reconsideration"), seeking reconsideration of the Hawaii 2255 Order. On May 9, 2016 and again on May 17, 2016, the Hawaii District Court denied the First Motion for Reconsideration.

On October 11, 2016, petitioner filed a Motion to Correct Sentence in the Hawaii Criminal Case ("First Motion to Correct Sentence"). Petitioner again challenged the Criminal Judgment, repeated many of his prior assertions, and also asserted, among other things, that the government had breached the Plea Agreement in connection with the sentencing. On October 25, 2016, the Hawaii District Court construed the First Motion to Correct Sentence as a "motion for certification of a second or successive § 2255 Motion" and directed that it be transmitted to the Ninth Circuit for consideration ("First Transmittal Order"). The First Transmittal Order effectively initiated the Fourth Ninth Circuit Action (No. 16-73432).

On January 23, 2017, petitioner filed another Motion for Reconsideration in the Hawaii Criminal Case ("Second Motion for Reconsideration"), seeking, among other things, reconsideration of the First Transmittal Order. On January 31, 2017, the Hawaii District Court denied the Second Motion for Reconsideration.

On February 27, 2017, petitioner filed another Motion to Correct Sentence in the Hawaii Criminal Case ("Second Motion to Correct Sentence"), essentially reasserting his prior claims – ineffective assistance of counsel at sentencing, trial court error in calculating his criminal history, trial court error in enhancing his sentence based upon his role in the offense, and government breach of the plea agreement in connection with sentencing. On March 2, 2017, the Hawaii District

1  Court denied a portion of the Second Motion to Correct Sentence, construed the
2  remaining portion to be a "motion for certification of a second or successive
3  § 2255 Motion," and directed that it be transmitted to the Ninth Circuit for
4  consideration ("Second Transmittal Order"). The Second Transmittal Order
5  effectively initiated the Sixth Ninth Circuit Action (No. 17-70636).
6       On March 13, 2017, the Ninth Circuit issued orders denying petitioner leave
7  to file a second or successive Section 2255 motion in both the Fourth and Sixth
8  Ninth Circuit Actions.
9       On April 14, 2017, in the Fifth Ninth Circuit Action (No. 17-15270), the
10 Ninth Circuit denied petitioner's request for a certificate of appealability to appeal
11 the Hawaii 2255 Order.
12      As noted above, on April 3, 2017, petitioner filed the instant Petition, again
13 challenging the Criminal Judgment – the sentence – in the Hawaii Criminal Case.

## III. DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 ("Section 2241") in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (citing and quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007)), cert. denied, 133 S. Ct. 1264 (2013). The "inadequate or ineffective" exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) (as amended) (citation omitted), cert. denied, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely

because Section 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. Id. (citation omitted); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).

The present Petition falls squarely within the purview of Section 2255 because petitioner seeks to challenge the validity of his sentence. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive 2255 motions."). Accordingly, it does not fall within this Court's Section 2241 jurisdiction unless petitioner can meet the criteria of the "savings clause," *i.e.*, unless he can show that a Section 2255 motion is inadequate or ineffective to test the legality of his detention.

Nothing in the record reflects that a Section 2255 motion is an inadequate or ineffective remedy and petitioner has not so demonstrated. See Jackson v. Slade, 2004 WL 1083351 *2 (C.D. Cal.) (Matz, J.) (burden of coming forward with evidence to show inadequacy or ineffectiveness of motion under section 2255 rests squarely on petitioner) (citing Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001)). Although Section 2255's gatekeeping provisions have apparently prevented petitioner from obtaining a review of the merits of his claims, such fact, as explained above, does not render Section 2255's remedy "inadequate or ineffective" so as to permit consideration of his claims under Section 2241. Accordingly, the Court construes the Petition to be a Section 2255 motion.

This Court does not have jurisdiction to consider such a Section 2255 motion because petitioner was not convicted or sentenced in this district. Accordingly, the present application must be either dismissed or transferred to the Hawaii District Court where petitioner was convicted and sentenced. As noted above, petitioner has already filed a Section 2255 motion in the Hawaii District

challenging the same Criminal Judgment/sentence. The present Petition/ Section 2255 motion, is thus successive, and cannot be entertained by the Hawaii District Court unless and until authorized by the Ninth Circuit. As also noted above, the Ninth Circuit – which has already had an opportunity to consider whether petitioner should be granted leave to file a second or successive petition asserting essentially the same claims raised in the federal Petition/2255 motion filed in the instant action – has already twice denied petitioner leave to do so. It would thus be futile to transfer this action to the Hawaii District Court for consideration as a Section 2255 motion. Therefore, the present Petition should be dismissed without prejudice, for lack of jurisdiction. Petitioner's remedy is to again apply to the Ninth Circuit for leave to file a successive Section 2255 motion.

**IV. ORDERS**

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion arising under Section 2255.
2. The Petition/Section 2255 Motion is dismissed without prejudice for lack of jurisdiction.
3. The Clerk is directed to enter Judgment accordingly.

IT IS SO ORDERED.

DATED: April 20, 2017

_____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE